Matter of Codrington (2019 NY Slip Op 03590)





Matter of Codrington


2019 NY Slip Op 03590


Decided on May 8, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2018-05671 

[*1]In the Matter of Nigel Reuben Codrington, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Nigel Reuben Codrington, respondent. (Attorney Registration No. 4739082)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 7, 2009.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee commenced a disciplinary proceeding against the respondent by filing a notice of petition dated October 12, 2018, and a verified petition dated October 5, 2018. On October 29, 2018, the respondent was personally served with copies of the notice of petition and the verified petition, along with a motion by order to show cause pursuant to 22 NYCRR 1240.9(a)(2), (3) and (5), seeking, inter alia, his immediate suspension upon a finding that he is guilty of professional misconduct immediately threatening the public interest. An affidavit of service was duly filed with the Court on October 31, 2018. The notice of petition directed the respondent to file and serve his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served an answer to the verified petition, nor requested additional time in which to do so. The respondent also has not responded to the motion or requested additional time in which to do so.
By way of background, the verified petition contains 12 charges of professional misconduct alleging misappropriation, dishonesty, failure to maintain required bookkeeping records, other IOLA account improprieties, and a failure to provide requested records, all arising from and concerning the misappropriation of a single client's funds.
The Grievance Committee now moves to deem the charges established, and to impose such discipline upon the respondent as this Court deems appropriate, based upon his default for failure to answer the petition. On November 28, 2018, the Grievance Committee served the respondent with a copy of the instant motion to adjudicate him in default. To date, the respondent has neither responded to the motion nor requested additional time in which to do so.
Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law. The motion pursuant to 22 NYCRR 1240.9 for the respondent's immediate suspension is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ.,concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Nigel Reuben Codrington, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Nigel Reuben Codrington, shall comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Nigel Reuben Codrington, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Nigel Reuben Codrington, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the motion pursuant to 22 NYCRR 1240.9 is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court